UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEN OMAR, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:26-cv-11288-IT |
| | * | |
| ANTONE MONIZ, et al., | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM & ORDER

April 29, 2026

TALWANI, D.J.

Pending before the court is Petitioner Ken Omar's Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner alleges he is being unlawfully detained in violation of 8 U.S.C. § 1231, its implementing regulation 8 C.F.R. § 241.13, and the Fifth Amendment Due Process Clause. Pet. AO242 at ECF 6 [Doc. No. 1-1]. For the below reasons, Petitioner's petition is GRANTED.

## I. Background

Petitioner is a 45-year-old Jamaican national. Pet. at 3 [Doc. No. 1]. Petitioner entered the Unites States as a nine-year-old without his parents and has lived here since then. Id.; Pet.'s Reply, Ex. 1 ("Omar Decl.") ¶ 2 [Doc. No. 17-1]. In 2010, an Immigration Judge issued a Final Order of Removal as to Petitioner. Resp'ts' Opp'n, Ex. 1 ¶ 8 ("Sullivan Decl.") [Doc. No. 11-1]. In 2013, subsequent to some period of detention, ICE released Petitioner with an Order of Supervision, pursuant to 8 C.F.R. § 241.5(a), and required that he wear an electronic ankle monitor as part of his supervision while the agency coordinated travel documents to Jamaica. Pet. at 4 [Doc. No. 1]; Sullivan Decl. ¶ 9 [Doc. No. 11-1]; Omar Decl. ¶¶ 6–9 [Doc. No. 17-1]. Petitioner met with officials at the Jamaican consulate in New York in an effort to receive travel documents, was told no record of him existed within their database, and obtained a letter from

the Jamaican consulate stating as much. Omar Decl. ¶ 10. [Doc. No. 17-1]. After Petitioner presented the consulate's letter to ICE in 2013, ICE removed his electronic ankle monitor. Id. ¶ 11.

On February 27, 2026, ICE "encountered Petitioner at or near Bridgeport, Connecticut[,]" and detained him. Sullivan Decl. ¶ 10 [Doc. No. 11-1]. After detaining Petitioner, ICE served him with a Notice of Revocation of Release stating that "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future" because "ICE is seeking a travel document to effect your expeditious removal to Jamaica." Pet.'s Reply, Ex. 1-A at ECF 6–7 [Doc. No. 17-1]. The same day, ICE held an "informal interview . . . to allow [Petitioner] an opportunity to respond to the reasons for the revocation of his order of supervision." Id. at 7. ICE then transferred Petitioner to the Plymouth County Correctional Facility, in Plymouth, Massachusetts, where he is presently detained. Omar Decl. ¶ 1 [Doc. No. 17-1].

Respondents assert that, "[g]enerally, a travel document is not necessary for ICE to remove an alien to Jamaica because Jamaica" participates in the Electronic Nationality Verification program, which only requires ICE to obtain a noncitizen's identification information "to effectuate the removal." Sullivan Decl. ¶ 11 [Doc. No. 11-1]. But because "Petitioner has not provided ICE with his Jamaican national identification number or his Jamaican birth certificate[,]" ICE has been unable to process his removal. Id. ¶ 13. Respondents assert that ICE is working with Jamaican contacts to obtain Petitioner's identification information but has not yet been successful. Id. ¶¶ 14, 17.

## II. Discussion

Respondents argue that ICE properly revoked Petitioner's release order because the fact that "ICE is seeking the requisite identification information to remove him to Jamaica"

2

constitutes a change of circumstances as contemplated by 8 C.F.R. § 241.13. Resp'ts' Opp'n 6–7

[Doc. No. 11]. Respondents conclude that, given this change of circumstances and ICE's

determination that there is a significant likelihood that Petitioner will be removed in the future,

revocation of Petitioner's Order of Supervision was conducted in accordance with 8 C.F.R.

§ 241.13. Id. at 7.

Pursuant to 8 U.S.C. § 1231, ICE has the authority to detain noncitizens with final orders

of removal. Under the statutory scheme, when a noncitizen is ordered removed, the Attorney

General is required to remove the individual within a 90-day period called the "removal period."

8 U.S.C. §§ 1231(a)(1)(A), (a)(2). Should the removal period expire before a noncitizen is

removed, subject to certain exceptions, the noncitizen may be released "subject to supervision

under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

The Department of Homeland Security's regulation, 8 C.F.R. § 241.13, establishes

"special review procedures" for noncitizens

> who are subject to a final order of removal and are detained under the custody
> review procedures provided at [8 C.F.R.] § 241.4 after the expiration of the removal
> period, where the alien has provided good reason to believe there is no significant
> likelihood of removal to the country to which he or she was ordered removed, or to
> a third country, in the reasonably foreseeable future.

8 C.F.R. § 241.13(a).[1] As relevant to the pending matter, the regulation establishes procedures

ICE must follow to re-detain noncitizens who have been released. 8 C.F.R. § 241.13(i).

Specifically, the regulation requires "(1) an individualized determination (2) by ICE that, (3)

based on changed circumstances, (4) removal has become significantly likely in the reasonably

foreseeable future." Kong v. United States, 62 F.4th 608, 619–20 (1st Cir. 2023) (citing 8 C.F.R.

§ 241.13(i)(2)).

---

[1] An "alien" is "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

The individualized determination required by the regulation must take place <u>before</u> a noncitizen is re-detained. <u>Huynh v. Wesling</u>, No. 25-CV-13794-AK, 2026 WL 183467, at *3 (D. Mass. Jan. 23, 2026); <u>see also</u> <u>Munagi v. McDonald</u>, No. CV 25-13175-NMG, 2025 WL 3688023, at *2 (D. Mass. Dec. 19, 2025) ("[T]he changed circumstances that make an alien's removal likely in the foreseeable future must have existed at or before the [order of supervision] revocation; post-hoc justifications are inadequate."). To determine whether changed circumstances exist, ICE is instructed to consider the factors enumerated in 8 C.F.R. § 241.13(f). <u>Kong</u>, 62 F.4th at 620; <u>Van Tran v. Hyde</u>, No. 25-CV-12546-ADB, 2025 WL 3724853, at *2 (D. Mass. Dec. 24, 2025). These factors include but are not limited to:

> the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f). A court considering a challenge to redetention must also review ICE's claim that removal is significantly likely in the reasonably foreseeable future in light of those same factors. <u>Huynh</u>, 2026 WL 183467, at *3.

Respondents have provided information about ICE's post-arrest efforts to obtain Petitioner's identification information. Sullivan Decl. ¶¶ 14–17 [Doc. No. 11-1]. But Respondents have not shown that, at the time of Petitioner's revocation of supervision, any <u>individualized</u> determination of Petitioner's case had occurred and that circumstances had changed such that <u>Petitioner</u> (and not Jamaican citizens generally) would be likely to be removed in the reasonably foreseeable future.

Applying the factors enumerated in 8 C.F.R. § 241.13(f), there is no evidence that Respondents had attempted to organize Petitioner's travel prior to his detention and subsequent

revocation of release. Further, the record lacks any evidence that Petitioner has been noncompliant with the conditions of his release. Petitioner appears to have been detained solely because a Final Order of Removal had been issued in 2010, he is Jamaican, and Respondents anticipated that they would be able to remove him without a significant administrative burden. See Van Tran, 2025 WL 3724853, at *3. Such reasoning underscores that there was no "individualized determination" regarding Petitioner's circumstances before he was detained. See id.; Nguyen v. Lyons, No. 25-CV-631-MSM-PAS, 2026 WL 125093, at *4 (D.R.I. Jan. 16, 2026) ("Respondents again do not claim any individualized findings as to how or why Petitioner may be removed in the reasonably foreseeable future. . . . The fact that Respondents are making efforts to process documents does not shed light on any eligibility details specific to [Petitioner]." (internal citations omitted)).

Respondents state that ICE "served Petitioner with a Notice of Revocation of Release" after detaining him. Sullivan Decl. ¶ 10 [Doc. No. 11-1]. Pursuant to ICE's regulations, the government must notify a noncitizen of the reasons for a revocation of release. 8 C.F.R. § 241.13(i)(3). The reasoning provided in that Notice, that ICE expected to remove Petitioner in the near future, is insufficient under the governing regulations because ICE has failed to explain precisely what circumstances had changed. See Nguyen, 2026 WL 125093, at *3 ("This circular reasoning that the change of circumstances is that ICE has determined there is a change of circumstances, without noting what those circumstances are, cannot meet the basic burden imposed by ICE's own regulations."). Where Respondents assert that Petitioner must have a Jamaican national identification number to effectuate removal and both Petitioner and the Jamaican consulate are unaware of a national identification number for Petitioner, the record

lacks evidence that any other circumstances have changed such that removal is likely in the near future.

Further, Respondents attest that, consistent with 8 C.F.R. § 241.13(i)(3), ICE completed an informal interview with Petitioner and provided him with the "opportunity to respond to the reasons for the revocation of his order of supervision." Sullivan Decl. ¶ 10 [Doc. No. 11-1]. However, Petitioner would have been unable to provide a meaningful "response" given the limited reasoning. See Hall v. Nessinger, No. 25-CV-667-JJM-PAS, 2026 WL 18583, at *7 (D.R.I. Jan. 2, 2026) ("The noncitizen 'must be told what circumstances had changed or why there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition, as allowed under § 241.13(i)(3).'" (citing Sarail A. v. Bondi, 803 F. Supp. 3d 775, 787 (D. Minn. 2025))); see also Vo v. Lyons, No. 1:25-CV-533-JL-TSM, 2026 WL 323133, at *5 (D.N.H. Jan. 27, 2026).

In sum, the court finds that ICE's revocation of supervised release and detention of Petitioner did not comport with the requirements established by 8 C.F.R. § 241.13. At the time of Petitioner's revocation of supervised release, Respondents failed to make an individualized determination that, based on changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2).

### III.   Conclusion

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED. Respondents shall release Petitioner from custody no later than April 30, 2026. Petitioner shall be released subject to the conditions of his preexisting Order of Supervision.

IT IS SO ORDERED.

April 29, 2026                          /s/ Indira Talwani
                                        United States District Judge